IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| HASSAN SWAB<br>and SOUAB SWAB,<br><br>Plaintiffs,<br>vs.<br><br>AMERICAN BANKERS<br>INSURANCE COMPANY<br>OF FLORIDA,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO.: 8:25-cv-2544 |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs HASSAN SWAB and SOUAB SWAB ("Plaintiffs"), through their undersigned counsel, Elevate Legal Services, PLLC, file this Complaint against AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA ("Defendant") and, in support of the causes of action asserted herein, respectfully show the Court the following:

## PARTIES

**1.** Plaintiffs are individuals who own residential property in this judicial district. The property, located at 212 S Obrien St., Tampa, FL 33609 (the "Property") in Hillsborough County, was insured against flood damages by the Defendant.

**2.** Defendant was and is a corporation fully licensed to transact insurance in the State of Florida and maintains agents for the transaction of its customary business in Hillsborough County, Florida.

**3.** Defendant was and is a "Write Your Own" ("WYO") carrier participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"), as amended, 42 U.S.C. § 4001, et seq. Defendant issued a Standard Flood Insurance Policy bearing NFIP Policy Number 7800111291 (the "Policy") in its own name, as a fiscal agent of the United States, to Plaintiffs. Pursuant to 42 U.S.C. §§ 4071 and 4081 and 44 C.F.R. § 62.23, Defendant was and is responsible for the claims handling, adjustment, settlement, payment, and defense of all claims arising under the Policy.

**JURISDICTION AND VENUE**

**4.** This action arises under the NFIA, Federal regulations and common law, and the flood insurance policy that Defendant procured for and issued to Plaintiffs in its capacity as a WYO carrier under the Act. The Policy covered losses to Plaintiffs' Property located in this judicial district.

**5.** Federal Courts have exclusive jurisdiction pursuant 42 U.S.C. § 4072 over all disputed claims under NFIA policies, without regard to the amount in controversy, whether brought against the government or a WYO company.

**6.** This Court has original exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the Property is located in this judicial district.

**7.** This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

**8.** Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where the Plaintiffs' Property is located and where a substantial part of the events at issue took place.

## FACTUAL BACKGROUND

**9.** Plaintiffs purchased the Policy from Defendant to insure the Property and the contents therein against physical damage by or from flood. The Policy was in full force and effect on the date of loss and Plaintiffs paid all premiums when due. A complete copy of the Policy is not currently in the possession of Plaintiff, but is in Defendant's possession, and will be attained through discovery.

**10.** On or about September 26, 2024, Hurricane Helene made landfall as an extremely destructive Category 4 storm. It brought catastrophic flooding to Hillsborough County, Florida and to Plaintiffs' Property.

**11.** As a result of Hurricane Helene flooding, water flooded Plaintiffs' Property and remained in the home for a period of time. Plaintiffs' Property and numerous items of contents therein were damaged and/or destroyed by the flood and rendered unsalvageable. Moisture saturation and contamination from prolonged duration and exposure of flood water necessitate repairs to, among other things, drywall, doors, flooring, electrical systems, plumbing systems, stairs,

fixtures, framing, the stud wall system, sheathing and/or weather barrier system, insulation, and to the exterior finishings.

**12.** Plaintiffs' Property sustained significant damages and losses by and from flood. Plaintiffs have incurred and will incur significant expenses to repair and replace the flood-damaged structure and personal property inside.

**13.** Once Plaintiffs discovered that the Property was damaged by flood waters, Plaintiffs made a claim to Defendant to report the damage. Defendant sent a third-party adjuster out to Plaintiffs' Property. Plaintiffs cooperated fully with the claim investigation and properly submitted all documents required. After a cursory inspection, the Defendant's third-party adjuster determined that a covered loss due to flood occurred at the Property but generated an estimate insufficient in scope and price to cover the full and adequate cost of covered repairs. Many individual items that were damaged by flood were ignored, omitted, or underestimated, and discrepancies on pricing of labor and materials still exist.

**14.** Due to Defendant's insufficient evaluation of covered damages, Plaintiffs were forced to engage claims professionals to document the covered damages sustained to the Property as a result of flood, and to prepare an estimate of damages. Plaintiffs' estimate documents the flood damage to the Property and presents a detailed itemization of the losses, all of which are covered under the Policy. Plaintiffs' estimate considers, *inter alia*, items ignored, omitted, and/or underestimated by the Defendant's third-party adjuster and reflects the proper and true cost to repair the flood damages covered under the Policy. Plaintiffs'

estimate was prepared using Xactimate software, which incorporated standard industry pricing and accurately reflected the repairs necessary to return Plaintiffs' Property to its pre-loss condition.

**15.** Plaintiffs requested additional payment on the claim by completing a Sworn Statement In Proof of Loss ("SSPOL") and submitting it to the Defendant, along with a copy of Plaintiffs' supporting documentation, on March 18, 2025, well within 180 days from the date of loss. *See* U.S. DEP'T OF HOMELAND SECURITY, RELEASE NO. W-24018, Write Your Own (WYO) Principal Coordinators and the National Flood Insurance Program (NFIP) Direct (Dec. 19, 2024).

**16.** Defendant unfairly and improperly has, to date, failed to pay Plaintiffs the full benefits due and owing to them for all damages the flood caused to the Property that are covered by the Policy.

**CAUSE OF ACTION: BREACH OF CONTRACT**

**17.** Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth in paragraphs 1-16 above as if fully set forth herein.

**18.** Plaintiffs and Defendant entered into a contract when Plaintiffs agreed to pay a premium to Defendant and Defendant agreed to insure the Property by issuing the Policy in exchange for the premium. The Policy, at all times relevant and material to this case, provided insurance coverage to Plaintiffs for, among other things, physical damage to the Property caused by flood. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

**19.** Plaintiffs duly performed and fully complied with all the conditions of the Policy and conditions precedent to filing this Complaint, including appropriate and adequate demands, or Defendant waived or excused such conditions precedent. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

**20.** Plaintiffs strictly complied with the proof of loss requirements required for payment on an SFIP claim and submitted a SSPOL to the Defendant within the deadline. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VIII(J)(4).

**21.** Plaintiffs' Complaint is ripe and timely filed because it is within one year of the date that Defendant denied all or part of Plaintiffs' claim. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. VII(M),(R); 42 U.S.C. § 4072.

**22.** Defendant unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully denied or unfairly limited payment on the Plaintiffs' claims.

**23.** Defendant failed to perform and materially breached the insurance contract when it wrongly failed to pay Plaintiffs the full benefits due and owing to them for all damages the flood caused to the Property and all contents therein that are covered by the Policy. *See* 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I.

**24.** Defendant violated the National Flood Insurance Act ("NFIA"), flood insurance rules and regulations, and Federal common law by, among other things:

**a.** Failing to fairly and timely adjust and pay on the flood claim at issue;

**b.** Failing to properly train and supervise its adjusters, claims examiners, representatives, and agents;

**c.** Failing to honor Plaintiffs' satisfactory SSPOL;

**d.** Failing to provide its adjusters, claims examiners, representatives, and agents with proper and uniform materials with which to evaluate claims;

**e.** Failing to take into account the shortage of labor and contractors following Hurricane Ian;

**f.** Failing to take into account for the increase in labor, materials, costs, and time in evaluating Plaintiffs' claim;

**g.** Failing to inform the Plaintiffs of flood policy limitations and exclusions; and,

**h.** Failing to promptly respond to communications sent by Plaintiffs and/or his representatives.

**i.** Failing to promptly respond to Plaintiffs' complaint request for a copy of the claim file.

*See*, 44 C.F.R. Pt. 61, App. A(1), SFIP, Art. I, III, IX.

**25.** Defendant also breached the contract by failing to perform other obligations it owed under the Policy.

**26.** As the direct and proximate result of Defendant's breaches, Plaintiffs have suffered actual damages in excess of Policy limits.

**27.** By virtue of its various breaches of contract, including its failure to fully indemnify and pay Plaintiffs the full benefits due and owing for the covered losses that Plaintiffs sustained as provided for in the Policy, Defendant is liable to and owes Plaintiffs for the actual and consequential damages sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiffs may prove as allowed by law.

## PRAYER

WHEREFORE, Plaintiffs respectfully requests that the Court enter judgment for such amounts as Plaintiffs may prove at trial, including actual and consequential damages as provided by law, and other and further relief to which the Court may deem just and proper, including but not limited to interest, attorney's fees, and all equitable remedies or other relief that may be appropriate.

Respectfully submitted,

**ELEVATE LEGAL SERVICES, PLLC**
*Attorneys for Plaintiffs*
197 S. Federal Hwy., Ste. 300
Boca Raton, FL 33432
Telephone: (561) 770-3335
Facsimile: (877) 241-241
j.warren@elawfirm.org
eservice@elawfirm.org
By_/s/ Justin L. Warren
**JUSTIN L. WARREN, ESQ.**
Florida Bar No.: 1001006